## B. F. THOMAS v. THE STATE.

No. 16784. Delivered April 4, 1934.

The opinion states the case.

*Arthur Stehling* and *Alfred Petsch,* both of Fredericksburg, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for rape; punishment, forty years in the penitentiary.

The facts of the case need not be set out at any very great

length. The prosecutrix was a young lady of apparently eighteen years of age at the time of the alleged assault. The indictment charged rape by force. Briefly, the alleged assault took place at night on a road not very far from the city of Fredericksburg, Gillespie County, Texas. The record reveals that upon this trial appellant introduced his wife, and also Dr. Keidel, by whom he offered to prove that on the morning following the night of the alleged assault, the two of them, appellant's wife and the doctor, went to the place where the young lady was staying and had a conversation with her. By several bills of exception complaint is made of the rejection of various statements said to have been made in said conversation by prosecutrix. In one of said bills it is certified that appellant wished to ask of prosecuting witness the question if she did not state to Mrs. Thomas and Dr. Keidel as follows: "Mr. Thomas didn't do that at all; he said he couldn't afford to do it because I was too small," and that if this statement was not made by witness in reply to an inquiry by Dr. Keidel if Mr. Thomas did anything to her a gentleman would not do. The bill recites that upon objection by the State that the matter was irrelevant and immaterial, and if for impeachment purposes it was upon a matter brought out by appellant, the objections were sustained. Other bills reflect similar questions. Bill No. 2 complains that defense counsel asked prosecutrix if it was not true that when Mrs. Thomas and Dr. Keidel came to the door and Dr. Keidel wanted to know if she would submit to an examination, if she did not state to them as follows: "Mr. Thomas did not hurt me and that he did not do anything to me at all." Objection to this was sustained. Another bill reflects she was asked while on the witness stand if it was not true that on the morning after the alleged assault, at Harry Hohmann's house, Dr. Keidel asked her if appellant had inserted his organ into her female organ, and if she did not reply: "No, I was too small." Objection was sustained to this. Another bill reflects that appellant offered to prove at the same time and place Dr. Keidel asked prosecutrix: "Did he, Thomas, do anything to you a gentleman ought not to do," and if she did not reply to Dr. Keidel's question: "No, he couldn't. I was too little." Still another bill reflects the fact that the defense was not allowed to prove that at the same time and place Dr. Keidel further questioned prosecutrix whether he (Mr. Thomas) inserted his organ, and if she did not state "No, I was too small."

As we view the matter, the said bills present reversible error. If in fact the prosecuting witness made the statements

referred to, to Dr. Keidel or Mrs. Thomas, or any other person, it would appear altogether immaterial whether such predicate questions were asked of her for the first time, during her cross-examination. These were material matters which went directly to the crux of the entire case, and in each instance referred to the testimony should have been permitted.

There is a bill of exceptions complaining of the refusal of the testimony of defense witness Dr. Keidel as to whether by reason of the natural and inborn disposition of a woman to resist uninvited intercourse and because of the natural innate horror of a woman for such a sexual relationship, and because of the anatomical arrangement of a woman's sexual organs, rape would be impossible of accomplishment without the severest struggle. We think the State's objection to such queston was properly sustained.

Believing the learned trial judge fell into error in the rejection of the testimony of defense witnesses in regard to what was said by proscutrix to them the next morning after the alleged assault, and that it would have been proper to ask her in cross-examination regarding said conversation in order to lay a predicate,—and that these matters were material, the judgment of the trial court will be reversed and the cause remanded.

*Rversed and remanded.*