VINCENTE SERVANTEZ V. STATE

No. 32,516. December 7, 1960

Motion for Rehearing Overruled January 18, 1961

*Billy Hall,* Littlefield, for appellant.

*Bill Sheeham,* District Attorney, Friona, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is statutory rape; punishment, 6 years.

The offense is alleged to have occurred on January 29, 1957. At that time, prosecutrix was twelve years old and was living in a house on a farm in Lamb County which was occupied by her sister and her husband, and appellant and his wife. Appellant was the brother of prosecutrix' sister's husband.

Prosecutrix testified that when she came home from school on the day in question there was no one in the house, that appellant entered soon thereafter, sat on the floor for a time, and then came over to the bed where she was seated, forced her back on the bed, pulled off her underclothes and forcibly had intercourse with her. She stated that she did not tell anyone about what had occurred until February 3 because she was frightened, but that as soon as she told her sister and appellant's wife she was carried to a doctor and examined.

Dr. Ben Souders testified that prosecutrix was brought to him for an examination on February 3 and from "the fartherest back

portion of the vagina" he took a smear which showed "degenerated male sperm cells" and that such finding was consistent with her having had intercourse on January 29.

Deputy Sheriff Smith testified that a complaint was signed and warrant issued, that he arrested appellant on February 3 and brought him to the city hall at Olton, where he secured the services of an interpreter, gave the statutory warning, and appellant made the confession which was introduced in evidence. The confession recites that prosecutrix came home from school and sat on the bed, that he went over, pushed her down and had intercourse with her. It further recites that prosecutrix had just told his wife that morning and that his wife had reported the matter to Mr. Smith.

Margarita Martinez testified that she acted as an interpreter for Mr. Smith and that the confession and warning were read to appellant in both English and Spanish. Prosecutrix' father testified that as soon as he heard about the incident he went to Lamb County and brought prosecutrix back to Austin.

Prosecutrix's brother-in-law, testifying for appellant, stated that he was plowing in the field near his house when prosecutrix returned from school, that she did not remain in the house longer than five or six minutes, and then came to where he was working in the field and rode the tractor with him until his wife and appellant's wife returned from the store.

Appellant's mother testified that prosecutrix had told her that appellant "never did offend her in any way."

Appellant's sister testified that prosecutrix had told her that if appellant's wife quit him she would like to marry him but that she did not want "what he did" "to be."

Appellant, testifying in his own behalf, admitted that he came in the room where prosecutrix was seated on the bed, went over and sat beside her and tried to kiss her, but that she would not let him and he left. As to the confession, he stated that he had signed it because Mr. Smith told him it would be better for him to sign it and that if he didn't sign it, Mr. Smith would get someone else to do so.

Smith, Mrs. Martinez and attorney Stroebel, who did the typing of the confession, were called in rebuttal and denied that Smith had made the statements attributed to him by appellant.

We find the evidence sufficient to support the conviction and shall discuss the contentions advanced by brief and in argument.

The confession recites that it was made to Mr. Smith and that he administered the warning. Smith so testified. It was further shown that the Honorable Andy Stroebel, a practicing attorney at Olton, at the request of Mr. Smith, typed the confession. We find no merit in appellant's contention that the confession was made to Mr. Stroebel.

He next contends that the court erred in sustaining the state's objection to a question propounded to appellant's mother. The bill does not reflect what the answer to the question would have been, and we are therefore in no position to pass upon the correctness of the court's ruling.

He next complains of comments of the court. The objection was made that a certain answer constituted hearsay testimony. In sustaining the objection, the court went further than he should have gone in explaining to the jury the reason for his ruling, but we have concluded that such comments do not constitute reversible error. He merely stated that such evidence had nothing to do with the case and that the jury should not consider it.

During the examination of appellant's mother, she gave some opinion testimony concerning why the prosecutrix had done certain things. The proper objection was made and sustained, and the court admonished the witness to just state what was said and done. Thomas v. State, 126 Tex. Cr. Rep. 87, 70 S. W. 2d 148, relied upon by appellant, can have no application here because in that case the question was propounded to the prosecutrix herself.

A reputation witness was asked "what sort of a character is he (appellant) ?" The court properly responded to the objection and observed that this was not the proper question to ask.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.